NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STANFORD PAUL BRYANT, | No. 11-55153 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00200-JM-PCL |
| v. | |
| J. TIM OCHOA, Warden, Chief Deputy Warden, in his official capacity and as an individual; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted October 10, 2012[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

California state prisoner Stanford Paul Bryant appeals pro se the district

court's summary judgment in his 42 U.S.C. § 1983 retaliation action. We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm as to defendants Bastida, Brown, Stanford, Hopper, McNair, Janda, Magnum, Ries, Carnes, Gonzales, Harmon, Ochoa, Mudra, Williams, Ryan, Romero, Barra, and Raske. We reverse and remand as to defendants Best, Olivarez, and Jiminez.

The district court properly granted summary judgment to defendants Bastida, Brown, Stanford, Hopper, McNair, Janda, Magnum, Ries, Carnes, Gonzales, Harmon, Ochoa, Mudra, Williams, Ryan, Romero, Barra, and Raske. Bryant failed to demonstrate the existence of a genuine dispute of material fact as to whether those defendants' actions were motivated by Bryant's protected activity or served no legitimate penological goal. *See Brodheim*, 584 F.3d at 1269 n.3 (setting forth the elements of a retaliation claim in the prison context); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) (to survive summary judgment, the prisoner must "put forth evidence of retaliatory motive"); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[A] successful retaliation claim requires a finding that 'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals.'") (citation omitted).

The district court erred in granting summary judgment to defendant Best because Bryant demonstrated the existence of a genuine dispute of material fact as to whether Best retaliated against Bryant by harassing him, using unnecessary force, and filing a false report. *See Brodheim*, 584 F.3d at 1271 (to survive summary judgment, the prisoner "need only put forth evidence of retaliatory motive, that, taken in the light most favorable to him, presents a genuine issue of material fact as to [the defendant's] intent." (internal quotation and citation omitted)).

The district court erred in granting summary judgment to defendant Olivarez because a genuine dispute of material fact exists as to whether Olivarez retaliated against Bryant by threatening and harassing him and by filing a false report. *See Brodheim*, 584 F.3d at 1270 ("[T]he mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."); *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) ("[W]here a prisoner alleges a correctional officer has falsely accused him of violating a prison rule in retaliation for the prisoner's exercise of his constitutional rights, the correctional officer's accusation is not entitled to the 'some evidence' standard of review that we afford disciplinary administrative decisions.").

Finally, the district court erred in granting summary judgment to defendant Jiminez because a genuine dispute of material fact exists as to whether Jiminez threatened Bryant and knowingly signed a false report in retaliation for Bryant's protected activity. *See Brodheim*, 584 F.3d at 1270 (a threat need not be "explicit and specific to constitute an adverse action"); *Bruce*, 351 F.3d at 1288-89 (prison official's alleged statements alluding to protected activity as a justification for adverse action raised triable issue as to retaliatory motive when combined with suspect timing).

**AFFIRMED in part, REVERSED and REMANDED in part.**